UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                              Chapter 11

1769 LLC,                                                                        Case No.

                                Debtor.
-------------------------------------------------------------x

**DEBTOR'S DECLARATION**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4**

        Tim Ziss declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

        1. I am the sole member and manager of 1769 LLC (the "Debtor"), a New York limited liability company, with offices at 9322 3rd Avenue, Ste 502, Brooklyn, NY 11209-6802. As such, I have the requisite knowledge of the Debtor's financial and legal affairs to make this Declaration on the Debtor's behalf.

        2. This Declaration is submitted in support of the Debtor's Chapter 11 filing pursuant to Local Rule 1007-2 to assist the Court, creditors and other parties-in-interest in understanding the circumstances necessitating the filing of the Chapter 11 petition, the Debtor's debt and capital structure, and the Debtor's plans to emerge from bankruptcy.

**Lead-Up to the Chapter 11 Filing**

        3. The Debtor is the owner of certain real property located at 1769 86th Street, Brooklyn, NY (the "Property"), occupied by commercial tenants, and finds itself in an atypical situation requiring Chapter 11 to complete a pending sale of the Property as contemplated by a forbearance agreement with the Debtor's lender.

        4. The only impediment to completion of the sale is the prospect of continuing delays by one of the existing commercial tenants in vacating the Property, which is a

condition of the underlying sale contract. The tenant is subject to an Order of Ejectment, entered by the Supreme Court, Kings County. The tenant will likely not abide by the Order of Ejectment, and the Chapter 11 case will eliminate the potential of further litigation with the tenant and enable a relatively prompt sale of the Property, and satisfaction of the outstanding mortgage.

5. More particularly, the Property is subject to a mortgage in the principal sum of $6.8 million, held by BDS II Mortgage Capital JPM LLC (the õLenderö). The mortgage was performing prior to the onset of the Covid-19 pandemic, and the parties entered into an agreement on July 22, 2020, which reduced monthly payments pending the stated maturity of the loan in November 2020.

6. In the meantime, the Debtor entered into a contract (the õSale Contractö) to sell the Property for $18 million to a third-party purchaser in September 2020. The Sale Contract is, subject to, *inter alia*, delivering the Property vacant by one of the commercial tenants known as of Fong & Zhou Supermarket Inc. The buyer of the Property established a $1million deposit without any type of financing contingency, and set a closing date of no later than within forty-five (45) days of the eviction of the Fong & Zhou Supermarket, Inc.

7. In 2018, the Debtor terminated the lease with Fong & Zhou, and has been successful in defending against efforts to nullify the lease termination, which is now full effective with the entry of an Order of Ejectment by the Supreme Court.

8. To prevent further legal machinations by the tenant, the Debtor is taking the proactive steps of seeking Chapter 11 relief. Of particular interest in this regard, since the Debtor is the defendant in a state court litigation commenced by Fong & Zhou Supermarket, Inc., all further effects to vacate the Order of Ejection are now stayed pursuant to 11 U.S.C. §362(a).

9. Accordingly, the Debtor's invocation of the automatic stay will enable the Sheriff to proceed with the eviction. Thus, the Debtor will be in a position to proceed with the closing under the Sale Contract without further interference.

## Local Rule 1007-4 Disclosures

10. Pursuant to Local Rule 1007-4(a)(iv) and (v), no committees were formed prior to the filing of the Debtor's Chapter 11 Petition.

11. Pursuant to Local Rule 1007-4(a)(vi), a list of all of the Debtor's creditors is attached hereto.

12. Pursuant to Local Rule 1007-4(a)(vii), the Lender, as defined above, remains the Debtor's sole secured creditor.

13. Pursuant to Local Rule 1007-4(a)(viii), the Debtor's assets and liabilities will be set forth in formal bankruptcy schedules to be filed within fourteen (14) days of the date hereof.

14. Pursuant to Local Rule 1007-4(a)(ix), the membership interest in the Debtor is not publicly traded, and is held by Tim Ziss as listed in the schedule of equity holders filed herewith.

15. Pursuant to Local Rule 1007-4(a)(x), none of the Debtor's assets are in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents or secured creditor.

16. Pursuant to Local Rule 1007-4(a)(xi), the Property is subject to an existing lease with Santander Bank, and the Sale Contract.

17. Pursuant to Local Rule 1007-4(a)(xii), the Debtor's books and records are located at my offices at 9322 3rd Ave, Ste 502, Brooklyn, NY 11209-6802.

18. Pursuant to Local Rule 1007-4(a)(xiii), a list of all pending lawsuits is filed herewith.

19. Pursuant to Local Rule 1007-4(a)(xiv), I serve as the Manager of the Debtor without compensation pursuant to the terms of the Debtor's Amended Operating Agreement.

20. Pursuant to Local Rule 1007-4(a)(xv), the Debtor has no current employees.

21. Pursuant to Local Rule 1007-4(a)(xvii), the Debtor anticipates incurring disbursements in the next 90 days of approximately $100,000 which is comprised mainly of the costs and expenses of getting ready for a closing and otherwise maintaining the Property, including payment of taxes.

Dated:  New York, New York
        October 18, 2020

By:  /s/ Tim Ziss